UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THOMAS MCCLARY, et al., | Case No. 2:15-CV-1579 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| WILLIAM A. KING, et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs' Thomas McClary and Jason Williams motion to remand and for fees and costs. (Doc. #4). Defendants William King, Walter Orange, David Fish, and Commodores Entertainment Corporation filed a response (doc. #14), and plaintiffs filed a reply. (Doc. #16). Also before the court is defendant Commodores' motion for demand for security costs. (Doc. #11). Plaintiffs filed a response (doc. #19), and defendant filed its reply (doc. #20).

Defendants removed the instant action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. However, in the motion to remand, plaintiffs provided factual and legal support for their argument that there is not complete diversity of citizenship between the parties. Specifically, plaintiff Thomas McClary and defendant Walter Orange are both residents of the state of Florida. (Doc. #4). Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). Federal district courts have diversity jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). Defendants do not oppose plaintiffs' motion based on the lack of complete diversity between plaintiff McClary and defendant Orange. Therefore, the court finds it proper to remand to state court.

**James C. Mahan**
**U.S. District Judge**

Plaintiffs ask this court for an award of attorney's fees incurred as a result of the improper removal of this case, pursuant to 28 U.S.C. § 1447(c). (Doc. #4). Section 1447(c) states, in relevant part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In their response, defendants state that the confusion regarding the diversity of the parties was based, in part, on plaintiffs' failure to identify the citizenship of the parties. (Doc. #14). The complaint did not provide any information regarding plaintiffs' citizenship. (*See* Doc. #1-2). In their reply, plaintiffs allege that defendants knew that McClary was a citizen of Florida because in August 2014, defendant Commodores filed a lawsuit against plaintiff McClary in the Middle District of Florida. In that complaint, it is alleged that McClary is a resident of Florida. (Doc. #16). Furthermore, defendants' statement of removal acknowledges that plaintiffs allege that McClary is a resident of Florida and cite to plaintiffs' motion to remand. (Doc. #10).

Despite plaintiffs' claim that defendants' petition for removal was merely a tactic to delay litigation, plaintiffs could have stated their citizenships in their complaint. These are facts necessary for defendants to make a well-informed decision to remove the case. The district court determines the objective reasonableness (or unreasonableness) of a defendant's decision to remove based on the circumstances that existed at the time of removal. *See, e.g.*, *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011), *see also Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062 (9th Cir. 1979) ("In determining the existence of removal jurisdiction . . . we must look to the complaint as of the time the removal petition was filed."). Because they did not, defendants' removal is not objectively unreasonable. *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). Based upon the complaint in this case, neither defendants nor the court could have determined that there was not complete diversity unless and until plaintiffs moved to remand. Therefore the court, in its discretion, declines to award fees or costs.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to remand (doc. #4) is GRANTED. The action shall be remanded to the state court for further proceedings.

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that defendant Commodores' motion for demand for security
2 costs (doc. #11) is DENIED as moot.
3    DATED February 2, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -